

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 19, 2024.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-51806-CAG |
| | § | |
| ENTXAR ELLOPROP, LLC, | § | |
| | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |
| | § | |
| ENTXAR ELLOPROP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 24-05004-CAG |
| | § | |
| MIDFIRST BANK | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S**
**FIRST AMENDED MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT**
**(ECF NO. 6)**

    This is the ruling of the Court on Plaintiff's First Amended Motion for Leave of Court to

Amend Pleadings ("Motion for Leave to Amend") (ECF No. 6). This is a core proceeding under

28 U.S.C. § 157(b)(2). Both parties have consented to the entry of a final order and final judgment by the Court (ECF No. 1 at 2). Venue is proper under 28 U.S.C. § 1409(a). The Court has jurisdiction over the proceeding under 28 U.S.C. §§ 1334 and 157(a).

The Court finds that Plaintiff's First Amended Motion for Leave to Amend (ECF No. 6) should be GRANTED IN PART and DENIED IN PART.

**FACTUAL AND PROCEDURAL BACKGROUND**

Entxar Elloprop, LLC ("Plaintiff") originally filed suit against Midfirst Bank ("Defendant") on July 26, 2023, in the 131st Judicial District of Bexar County, Texas, Cause No. 2023CI4987 (the "State Court Action") (ECF No. 1-1, Ex. B-1 at 26). On August 3, 2023, Defendant filed its Original Answer in state court (ECF No. 1-1, Ex. B-5 at 53).[1] The same day, Defendant removed the State Court Action to the United States District Court, Western District of Texas, San Antonio Division, Civil Action No. 5:23-cv-00957-FB-RBF, based on diversity jurisdiction (the "District Court Case") (ECF No. 1 at 3; ECF No. 1-1, Ex. B-1 at 8).[2]

Plaintiff filed its Motion to Remand on August 18, 2023, contending that because William Earl Dees and Aleasha L. Dees (collectively the "Dees") "are in state Defendants," the case lacked complete diversity (ECF No. 1-1, Ex. B-5 at 85–86, 91). Defendant filed its Response to Plaintiff's Motion to Remand on August 30, 2023 (ECF No. 1-1, Ex. B-7 at 98). In response, Defendant argued that Plaintiff is a citizen of Texas and Defendant is a citizen of Oklahoma (ECF No. 1-1, Ex. B-7 at 99). As to the Dees, Defendant also argued that they were improperly joined because Plaintiff failed to state a claim against them (ECF No. 1-1, Ex. B-7 at 99).

On November 28, 2023, Magistrate Judge Richard B. Farrer of the United States District Court, Western District of Texas, San Antonio Division, heard argument on Plaintiff's Motion to

---

[1] Exhibit references in ECF No. 1-1 correspond to designated exhibit cover sheet titles.
[2] Unless otherwise noted, all references to "ECF" herein refer to documents filed in Adversary Proceeding 24-05004.

Remand and denied it (Text Order dated November 28, 2023). On December 11, 2023, Plaintiff filed its First Amened Motion for Leave to Amend Pleadings and attached a proposed amended pleading (ECF No. 6).

While the District Court Case was pending, Plaintiff filed Chapter 11 bankruptcy in this Court, Case No. 23-51806-CAG, on December 29, 2023 (ECF No. 1, Main Bankruptcy Case). Plaintiff filed this adversary proceeding on January 25, 2024. Plaintiff then filed its First Amended Motion for Leave of Court to Amend Pleadings ("Motion for Leave to Amend") (ECF No. 6) pursuant to Rule 15 of the Federal Rules of Civil Procedure on February 14, 2024.[3] The same day, Defendant filed its Response to Plaintiff's Motion for Leave to Amend (ECF No. 8) ("Defendant's Response") and Plaintiff replied (ECF No. 10). On February 22, 2024, the Court heard oral arguments on Plaintiff's Motion for Leave to Amend.

In the state court Original Petition, Plaintiff asserts causes of action for breach of contract, to quiet title, and a claim for excess proceeds from Defendant's notice foreclosure sale (which is styled as both a claim for "redemption" and for declaratory judgment) (ECF No. 1-1, Ex. B-1 at 30–33). Plaintiff claims to have purchased real property located at 4906 Winter Cherry, Bexar County, Texas (the "Property"), at a homeowners association (HOA) foreclosure sale (ECF No. 1-1, Ex. B-1 at 28). Plaintiff alleges that the Dees previously owned the Property (ECF No. 1-1, Ex. B-1 at 27). According to Plaintiff, the Dees obtained a mortgage loan to finance the purchase of the Property, and that mortgage is currently held by Defendant (ECF No. 1-1, Ex. B-1 at 28). Plaintiff alleges that on January 4, 2022, the Property was foreclosed due to the Dees' failure to pay the HOA dues (ECF No. 1-1, Ex. B-1 at 27–28). In the Original Petition, Plaintiff seeks

---

[3] F.R.B.P 7015 provides that Rule 15 F.R.C.P applies in adversary proceedings.

injunctive relief, actual damages, and attorney fees and court costs (ECF No. 1-1, Ex. B-1 at 29, 33–34).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure, which applies in adversary proceedings such as this one, by virtue of Rule 7015 of the Federal Rules of Bankruptcy Procedure, is the starting place for analyzing Plaintiff's Motion for Leave to Amend. Rule 15(a) instructs that a party may amend its pleading only with written consent from the opposing party or with leave of court, and the "court should freely give leave when justice so requires." Rule 15(a) evinces "a bias in favor of granting leave to amend." **Dussouy v. Gulf Coast Inc. Corp.**, 660 F.2d 594, 598 (5th Cir. 1981). Trial courts have discretion to deny amendments if there is a substantial reason to do so. **Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)**, 88 F.3d 311, 314 (5th Cir. 1996); **Wimm v. Jack Eckerd Corp.**, 3 F.3d 137, 139 (5th Cir. 1993); **Louisiana v. Litton Mortgage Co.**, 50 F.3d 1298, 1302–03 (5th Cir. 1995).

"The United States Supreme Court has listed several factors for a court to consider when it analyzes a party's motion for leave to amend, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]'" **Allen v. Walmart Stores, L.L.C.**, 907 F.3d 170, 184 (5th Cir. 2018) (quoting **Foman**, 371 U.S. at 182)).

In deciding whether to grant such leave, the Court will rely on the factors in **Hensgens v. Deere & Co.** 833 F.2d 1179, 1182 (5th Cir. 1987). Because Plaintiff's Motion for Leave to Amend seeks to join a non-diverse defendant, the Court will "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests . .

. . ." ***Id.*** As such, the Court will address whether to grant Plaintiff's Motion for Leave to Amend (ECF No. 6) and whether to allow the filing of Plaintiff's amended complaint.

    A. <u>**Whether Plaintiff's Motion for Leave to Amend Should Be Granted**</u>

        **1. Parties' Contentions**

On February 24, 2024 (more than six months after Plaintiff filed its Original Petition in state court), Plaintiff filed its Motion for Leave to Amend "to clarify its pleadings and causes of action such that the claims are in a more clear form . . . ." (ECF No. 6 at 2). Plaintiff contends that "with all due respect, [its] pleadings do not remove the non-diverse Defendant Dees from the pleadings despite the motion to remand [filed in the District Court Case] being denied." (ECF No. 6 at 2). Plaintiff alleges that "the amendment clarif[ies] the liability or role of the Dees in this matter . . . ." (ECF No. 6 at 2).

The First Amended Complaint, which is attached to the Motion for Leave to Amend, alleges causes of action for breach of contract against Defendant, a claim to quiet title against Defendant and the Dees, and lastly requests a declaratory judgment as to Defendant and the Dees (ECF No. 6 at 7–8, 11). In large part, Plaintiff contends that Defendant has refused to allow it to make payments on the Dees' mortgage loan, despite Plaintiff's alleged willingness to pay off the Dees' mortgage loan (ECF No. 6 at 6–7). The Court questions Plaintiff's ability to pay given its Chapter 11 filing.

The First Amended Complaint indeed adds slightly more description regarding the foreclosure of the Property mentioned in the Original Petition (ECF No. 6 at 6). However, the First Amended Complaint adds wholly new acts or events, separate from the foreclosure, such as: (a) an allegation that the "Dees failed to redeem the property and voluntarily left the property" but may "have the right to redeem based upon Chapter 209 of the [Texas] Property Code because the

5

Plaintiffs are unaware of the sending of property notices." (ECF No. 6 at 6); (b) a reference to "whether or not Defendant Dees or the bank were made aware of the foreclosure consistent with Chapter 209[]" (ECF No. 6 at 6); and (c) an action to quiet title against Defendant and the Dees (ECF No. 6 at 8). Plaintiff also requests appellate fees and a jury and trial setting (ECF No. 6 at 12–13).

In its Response, Defendant contends that Plaintiff's Motion for Leave to Amend "repeats the same claims it made against Defendant in its Original Petition and also seeks to bring the Dees back into the case." (ECF No. 8 at 3). Defendant argues that Plaintiff's Motion for Leave to Amend should be denied because Plaintiff "again fails to state a claim against the Dees" and that Plaintiff's Motion for Leave to Amend "presents no new theories of recovery against Defendant." (ECF No. 8 at 3). Defendant further contends that the "denial of Plaintiff's Motion to Remand necessarily resulted in the dismissal of the Dees from the case." (ECF No. 8 at 5). Defendant also opposes Plaintiff's Motion for Leave to Amend on futility grounds (ECF No. 8 at 6). Defendant argues that these amendments are futile because the Dees are not asserting rights to the Property (ECF No. 8 at 7). Alternatively, Defendant contends that in considering the *Hensgens* factors, Plaintiff's Motion for Leave to Amend should be denied (ECF No. 8 at 5).

Plaintiff replied to Defendant's Response (ECF No. 10). There, Plaintiff contends that the claims originally "brought against the Dees are the same but just more properly defined." (ECF No. 10 at 2). Plaintiff also addresses for the first time the *Hensgens* factors, which the Court will discuss in detail.

The Court must therefore engage in a two-tiered analysis. First, assuming the Dees were properly joined, the Court will determine whether Plaintiff properly states claims for relief against the Dees by considering the *Hensgens* factors. Second, if the Dees were improperly joined, the

6

Court will determine whether Plaintiff's First Amended Complaint conforms to federal pleading standards.

### 2. Legal Standard

In *Hensgens,* the Fifth Circuit identified four factors a trial court must consider; (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) any other equitable factors. *Hensgens,* 833 F.2d at 1182; *see also Wilson v. Bruks-Klockner, Inc.,* 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors.").

In the case at bar, the Court believes there are substantial reasons to grant in part and deny in part Plaintiff's Motion for Leave to Amend—namely, each of the four factors in *Hensgens* weighing against granting Plaintiff's Motion. Here, Plaintiff's proposed amendments would add a non-diverse defendant, the Dees, which would destroy diversity and this Court's subject matter jurisdiction. Thus, the Court is required to apply the four-factor test set forth in *Hensgens*.

### a. Whether the Primary Purpose of the Amendments is to Defeat Diversity Jurisdiction

The first *Hensgens* factor requires consideration of "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens,* 833 F.2d at 1182. The Court must consider "whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed, whether the plaintiff states a valid claim against the nondiverse defendant, and the timing of the amendment." *Agyei v. Endurance Power Prods. Inc.,* 198 F. Supp. 3d 764, 770 (S.D. Tex. 2016) (citing *Richardson v. Wal-Mart Stores Texas, LLC,* 192 F.

Supp. 3d 719, 726–27 (S.D. Tex. 2016); *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 U.S. Dist. LEXIS 113532, 2009 WL 4730570, at *3–4 (S.D. Tex. Dec. 7, 2009)).

Courts also consider whether the plaintiff states a valid claim against the defendant as evidence that the principal purpose of the amendment is not to defeat diversity. *Gallegos*, 2009 U.S. Dist. LEXIS 113532, 2009 WL 4730570, at *10 (citing *Karr v. Brice Bldg. Co.*, 2009 U.S. Dist. LEXIS 44104, at *9 (E.D. La. May 22, 2009); *Schindler v. Charles Schwab & Co.*, 2005 U.S. Dist. LEXIS 9193, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005)).

In its Response, Defendant alleges "that Plaintiff's intention is solely to defeat diversity." (ECF No. 8 at 5). Defendant contends that Plaintiff's First Amended Complaint seeks relief from Defendant, not the Dees, because Plaintiff "has already divested the Dees from title by acquiring the Property at an HOA foreclosure sale." (ECF No. 8 at 5). Specifically, Defendant argues that Plaintiff now seeks to prevent Defendant's foreclosure of the Property (ECF No. 8 at 5). Defendant further contends that allowing Plaintiff to add the Dees as co-defendants is improper because there is no possibility of recovery against the Dees (ECF No. 8 at 7).

Plaintiff replies that re-joining the Dees is not to defeat diversity jurisdiction, but rather because the Dees may have a right of redemption as to the Property (ECF No. 10 at 2). Additionally, Plaintiff contends that it sued the Dees originally in state court asserting a quiet title claim, and is merely adding facts to support its claim (ECF No. 10 at 2).

Here, Defendant may "prevent joinder by arguing that there is no colorable claim against" the Dees. *Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 678 (5th Cir. 1999). The Fifth Circuit instructs trial courts to utilize the same legal standard applied to a motion to dismiss under Rule 12(b)(6) in determining whether a plaintiff has stated a valid claim. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) ("[T]o determine futility, we will apply the standard of legal

8

sufficiency as applies under Rule 12(b)(6).") The question the Court must answer, therefore, is whether Plaintiff has pled sufficient facts "to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007) (construing pleading standard on Rule 12(b)(6) motion to dismiss)).

The elements of a suit to quiet title that a plaintiff must demonstrate include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." **U.S. Nat'l Bank Ass'n v. Johnson**, 2011 Tex. App. LEXIS 10253, 2011 WL 6938507, at *3 (Tex. App.—Houston 2011, no pet.); **Vernon v. Perrien**, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied).

As to the quiet title claim, Defendant argues first that Plaintiff's First Amended Complaint fails to indicate that the Dees have an interest in the Property (ECF No. 8 at 7). Second, Defendant contends that Plaintiff fails to show how its claim to title is affected by the Dees (ECF No. 8 at 7). Third, Defendant argues that Plaintiff fails to show how its quiet title claim is facially valid (ECF No. 8 at 7). The Court agrees.

Even if the Dees were properly joined, the allegations contained in the proposed First Amended Complaint would likely not be sufficient to hold the Dees liable for a quiet title claim. Plaintiff admits that it is unclear as to what right it holds to the Property, and for that reason, seeks to quiet title to determine if there are "any further clouds or encumbrances related to" Defendant or the Dees (ECF No. 6 at 9). Plaintiff contends that because it must obtain credit approval from Defendant to assume the loan, that "the Dees are necessary parties in order to obtain said credit approval to assume their loan." (ECF No. 6 at 9). Lastly, Plaintiff alleges that Defendant or the Dees may have the right to redeem the Property (ECF No. 6 at 9). Here, there is no allegation by

9

Plaintiff that the Dees are claiming any type of title to the Property. The Court cannot conclude that this would be a valid claim against the Dees.

As earlier mentioned, in deciding whether to grant a motion for leave to amend a complaint, a trial court may consider such factors as the futility of a proposed amendment. ***Southmark***, 88 F.3d at 314–15 (citing ***Foman v. Davis***, 371 U.S. 178, 182 (1962); ***Wimm***, 3 F.3d at 139)). Here, the Court finds that Plaintiff's proposed amendments as to the Dees would, indeed, be an exercise in futility because the allegations set forth in Plaintiff's draft First Amended Complaint hardly clarify the sparse facts set out in the Original Complaint. In summary, granting the Motion for Leave to Amend would be an exercise in futility here because the Court cannot conclude that the quiet title claim would be a valid one against the Dees. This factor thus weighs against allowing Plaintiff's Motion for Leave to Amend as to the Dees.

### b. <u>Whether Plaintiff Was Dilatory in Asking for Amendments</u>

The second ***Hensgens*** factor asks whether Plaintiff was dilatory in seeking leave to amend. ***Hensgens***, 833 F.2d at 1182. "In analyzing the second ***Hensgens*** factor, courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." ***Anzures v. Prologis Tex. I LLC***, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (citing ***Mia Reed & Co. v. United Fire & Cas. Co.***, 2012 U.S. Dist. LEXIS 89412, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012). Courts also consider "the procedural posture of the case, particularly whether 'trial or pre-trial dates were scheduled,' or any 'significant activity beyond the pleading stage has occurred.'" ***Id.*** (citing ***Arthur v. Stern***, 2008 U.S. Dist. LEXIS 52725, 2008 WL 2620116, at *5 (S.D. Tex. June 26, 2008)).

Defendant argues that Plaintiff has not been diligent (ECF No. 8 at 6). Defendant aptly notes that "[n]ot until the denial of Plaintiff's Motion to Remand on November 28, 2023, and

Defendant's filing of its Motion for Summary Judgment on August 30, 2023 . . . did Plaintiff seek leave to amend [in the District Court Case]." (ECF No. 8 at 6).

The record establishes that Plaintiff has been dilatory in asking to amend its complaint to seek recovery against the Dees. To establish that it has not been dilatory in asking for amendment, Plaintiff contends that its claim "is quite legitimate based on the Texas Property Code and the possibility that the HOA did not provide proper notice to [Defendant] and the Dees." (ECF No. 10 at 5). Plaintiff further alleges that "Defendant has no proof that this is a dilatory amendment." (ECF No. 10 at 5).

As to the timing of Plaintiff's Motion for Leave to Amend, the Court must look at "whether the sequence of events gives rise to an inference regarding [a plaintiff's] purpose in making the motion." ***WNWSR, L.L.C. v. Chesapeake Energy Corp.***, 2015 U.S. Dist. LEXIS 159527, 2015 WL 7357840, at *3 n.4 (S.D. Tex. Nov. 19, 2015). When deciding the second factor, "courts often look to the amount of time between the original state court action and the request to amend, and the time between removal and the request." ***Richardson***, 192 F. Supp.3d at 726 (quoting ***Lowe v. Singh***, 2010 U.S. Dist. LEXIS 86416, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010). Courts have found, in cases where the amendment occurs after removal and adds a non-diverse defendant that "a delay in making the request to amend of two months after filing the original complaint or thirty days after the notice of removal has been found dilatory." ***Id.*** (citing ***Gallegos***, 2009 U.S. Dist. LEXIS 113532, 2009 WL 4730570, at *4; ***Wein v. Liberty Lloyds of Tex. Ins. Co.***, 2015 U.S. Dist. LEXIS 33895, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015)).

While this case is in its early bankruptcy stages, it has been ongoing for some time. Plaintiff filed its state court Original Petition on July 26, 2023. Once the State Court Action was removed to the United States District Court on August 3, 2023, Plaintiff did not seek to amend until

11

December 11, 2023—just over four months after Defendant's removal. Neither party discusses whether, given the facts set forth above, the passage of four months is evidence of dilatoriness. Regardless, the Court notes that this case is in its early stages, as no scheduling order has yet been entered. **Anzures,** 886 F. Supp. 2d at 565 (W.D. Tex. 2012) ("Plaintiff, however, did not seek to add [the proposed defendant] until . . . nearly two months after the Court's deadline to amend the pleadings and join parties had expired."). The Court finds that Plaintiff was dilatory given the sequence of events, including seeking leave to amend four months after removal and nearly five months after filing the Original Petition.

The Court therefore believes Plaintiff has exhibited a dilatory motive. Granting Plaintiff's Motion for Leave to Amend to join the Dees would improperly reward it for its inexplicable delay. Because Plaintiff was dilatory in asserting its alleged rights, the second **Hensgens** factor disfavors allowing Plaintiff to seek recovery against the Dees.

### c. Whether Plaintiff Will Be Significantly Injured or Prejudiced if Amendment is not Allowed

The third **Hensgens** factor requires the Court to consider whether Plaintiff will be prejudiced if it is not allowed to file an amended complaint seeking recovery against the Dees. Regarding the third factor, courts analyze "whether a plaintiff can be afforded complete relief in the absence of the amendment," looking at "whether the already named diverse defendant would be unable to satisfy a future judgment." **Richardson,** 192 F. Supp.3d at 727 (quoting **Lowe,** 2010 U.S. Dist. LEXIS 86416, 2010 WL 3359525, at *3; **Gallegos,** 2009 U.S. Dist. LEXIS 113532, 2009 WL 4730570, at *4).

Here, there is no indication that the other defendant, Midfirst Bank, would not be able to satisfy a judgment or that Plaintiff would not be able to seek complete relief without the Dees.

12

Plaintiff does not allege or suggest that Defendant Midfirst Bank is insolvent or cannot satisfy a judgment. *See Anzures,* 886 F. Supp. 2d at 565–66 (finding that the third factor weighed against granting leave to amend where plaintiff did not argue that the original defendant would have been unable to satisfy a judgment); *Adams v. State Farm Lloyd's, Inc.,* 2008 U.S. Dist. LEXIS 25932, 2008 WL 906256, at *2 (E.D. Tex. Mar. 31, 2008) (finding no prejudice to plaintiff where there was "no indication" that the original defendant was "insolvent or otherwise unable to fully satisfy any judgment"); *Ehrhardt v. Elec. & Instrumentation Unlimited,* 137 F. Supp. 2d 765, 766 (E.D. Tex. 2001) (finding no prejudice to plaintiff where original defendant would have been "able to fully satisfy any judgment plaintiff [would] receive").

Additionally, if the Motion for Leave to Amend were granted as to the Dees, the Defendant and the Dees would be entitled to time to file an Amended Answer. Fed. R. Civ. P. 15(a)(3). The new averments in both the Amended Complaint and the Amended Answer would surely create the possibility that one or both parties would desire discovery. To allow Plaintiff, nearly eight months after it filed the State Court Action, to amend its Complaint to seek recovery against the Dees, would seem to subvert the expeditious and efficient administration of bankruptcy cases. Accordingly, this factor weighs against allowing amendment.

### d. Whether Other Equitable Factors Are Pertinent

The fourth *Hensgens* factor allows the Court to consider "any other factors bearing on the equities." *Villareal v. Wells Fargo Bank, N.A.,* 814 F.3d 763, 769 (5th Cir. 2016) (quotation omitted). Plaintiff's joinder of the Dees would deny Defendant the opportunity to litigate in federal court over claims that are likely invalid for a multitude of reasons.

In sum, all four of the *Hensgens* factors weigh against granting Plaintiff's Motion for Leave to Amend. After considering the *Hensgens* factors, the Court finds that they weigh in favor

13

of disallowing Plaintiff's Motion for Leave to Amend as to the Dees. The Court will therefore grant Plaintiff's Motion for Leave to Amend as to the breach of contract claim against Defendant. The Court finds that this count does not add a new cause of action, as it is identical to the claim alleged in the Original Complaint. The Rule 15 standard that "[t]he court should freely give leave when justice so requires" applies and supports allowing the amendment. Fed. R. Civ. P. 15(a). The Court, however, will deny Plaintiff's Motion for Leave to Amend to assert a quiet title action and declaratory judgment as to the Dees. Plaintiff should file an amended complaint solely against Defendant. Accordingly, any causes of action relating to the Dees are denied.

### B. Whether Plaintiff's First Amended Complaint Conforms to Federal Pleading Standards

#### 1. Legal Standard

The Federal Rules of Civil Procedure employ a process for pleading causes of action. Plaintiffs must plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) strives to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." **Twombly**, 550 U.S. at 555 (quoting **Conley v. Gibson**, 355 U.S. 41, 47 (1957)).

Plaintiff's First Amended Complaint fails to conform to the federal rules of pleading. The First Amended Complaint contains errors and inconsistencies in the prayer for relief, as it includes a request of appellate fees "to the Supreme Court of Texas" and makes a generalized jury demand (ECF No. 6 at 12–13). Accordingly, Plaintiff should file an amended complaint to rectify these errors, specifically by requesting attorney's fees in this Court and indicating that the jury demand is subject to Local Rule 9015. Plaintiff will have fourteen (14) days to file an amended complaint in conformity with the federal rules.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion for Leave to Amend (ECF No. 6) should be GRANTED as to the breach of contract claim against Defendant Midfirst Bank and DENIED as to the quiet title and declaratory judgment actions against the Dees.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 6) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff shall amend its First Amended Complaint to conform with this Order within fourteen (14) days of entry of this Order.

IT IS FURTHER ORDERED that Defendant Midfirst Bank will have fourteen (14) days from the filing of Plaintiff's Second Amended Complaint to answer or file a motion under Rule 12. After Defendant files its answer, the Court will set a status conference on Defendant's Motion for Summary Judgment (ECF No. 5).

IT IS FURTHER ORDERED that Plaintiff's counsel must file an application to employ in the Main Bankruptcy Case within seven (7) days of entry of this Order.

# # #