

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 01, 2024.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-51806-CAG |
| | § | |
| ENTXAR ELLOPROP, LLC | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| ENTXAR ELLOPROP, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 24-05004-CAG |
| | § | |
| MIDFIRST BANK, WILLIAM EARL | § | |
| DEES AND ALEASHA L. DEES | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING DEFENDANT BANK'S MOTION FOR SUMMARY JUDGMENT
### (ECF NO. 5)

On this date, the Court considers the above-numbered adversary proceeding and, in particular, Defendant Bank's Motion for Summary Judgment (ECF No. 5).[1] For this ruling, the

---
[1] "ECF" refers to the electronic case file docket number.

Court assessed the following pleadings: Plaintiff's Third Amended Complaint (ECF No. 27); Defendant Bank's Motion for Summary Judgment (ECF No. 5); Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 49); and, Defendant Bank's Reply in Support of its Motion for Summary Judgment (ECF No. 50). This Court took the matter under advisement after a hearing held on July 8, 2024. For the reasons provided herein, the Court is of the opinion that the Motion for Summary Judgment should be **GRANTED**.

As an initial matter, the Court finds that it has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(a). "Absent the consent of all parties, bankruptcy courts may only submit proposed findings of fact and conclusions of law for recommendation to the district court in non-core proceedings." ***In re Castex Energy Partners, LP***, 584 B.R. 150, 155 (Bankr. S.D. Tex. 2018). The Fifth Circuit held in ***In re Wood*** that a "proceeding is core under Section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." 825 F.2d 90, 97 (5th Cir. 1987). Had Plaintiff not filed for bankruptcy, this suit would have proceeded in state court. Thus, under the Fifth Circuit's standard in ***Wood***, this claim of a pre-petition breach of contract is a non-core proceeding; however, both parties consented to this Court's jurisdiction. (ECF No. 20; ECF No. 48). Thus, the Court has the authority to issue a final judgment. Venue is proper in the Western District of Texas under 28 U.S.C. § 1409. This matter is referred to this Court under the District Court's Order on Reference.

## FACTUAL BACKGROUND[2]

The present case concerns a dispute over real property located at 4906 Winter Cherry, San Antonio, Texas, 78245 (the "Property"). (ECF No. 5 at 4). In connection with the purchase of their

---

[2] The Background Section of this Order is derived from Plaintiff's State Court Petition and Third Amended Complaint, as well as Defendant's Motion for Summary Judgment.

home in January 2015, William Earl Dees and Aleasha Dees[3] ( the "Defendant Dees") executed a Promissory Note, which was secured by a deed of trust, for $303,515.00 made payable to Cornerstone Lending, Inc. (ECF No. 5 at 4, Ex. A-1, Ex. A-2). Mortgage Electronic Registration Services, Inc. was originally named as both the nominee and beneficiary of Cornerstone Lending, Inc. In early January of 2022, Defendant Dees failed to pay their homeowners' association dues. (ECF No. 5, Ex. A-7; ECF No. 27 at 2). This triggered a homeowners' association foreclosure sale of the Property. On January 4, 2022, Extxar Elloprop, LLC ("Plaintiff") purchased the Property at the foreclosure sale for $16,0001.00. (ECF No. 5 at 4; ECF No. 7, Ex. 2). Defendant Dees failed to redeem the property and vacated the premises shortly thereafter. (ECF No. 27 at 3).

By February 2023, after numerous transfers and assignments of the note,[4] the note was ultimately assigned to MidFirst Bank ("Defendant Bank"). (ECF No. 5, Ex. A-6). Defendant Dees failed to pay multiple monthly mortgage payments and defaulted under the note. (ECF No. 5, A-7). Defendant Bank then sent a letter to Defendant Dees informing the couple that the loan was "in default" and notified them of their right to cure by May 22, 2023. (ECF No. 5, Ex. A-7). The letter also stated that Defendant Bank intended to accelerate the loan balance and initiate a foreclosure sale if the balance was not paid. (ECF No. 5, Ex. A-7). On May 25, 2023, Defendant Dees had not cured the default, and Defendant Bank exercised its right to accelerate the note under the deed of trust. (ECF No. 5, Ex. A-8, Ex. A-9, Ex. A-10, Ex. A-11). Defendant Bank entered its Notice of Foreclosure Sale on June 8, 2023. (ECF No. 5 at 5, Ex. A-12).

In July 2023, Plaintiff discovered Defendant Bank's Notice of Foreclosure Sale and brought suit against Defendant Bank in the 131st Judicial District of Bexar County, Texas. (ECF

---

[3] Per the Third Amended Complaint, this breach of contract claim is only asserted against Defendant Bank and Defendant Dees are not a party.
[4] ECF No. 5, Ex. A-10, Ex. A-11, Ex. A-12.

No. 1 at 26, Ex. B-1). Plaintiff asserted causes of action for breach of contract and violations of the Texas Property Code.[5] Defendant Bank subsequently removed the state court action to the United States District Court for the Western District of Texas. (ECF No. 1 at 8, Ex. B-1). In December 2023, Plaintiff filed for relief under chapter 11 of the United States Code.[6] Defendant Bank removed the case to this Court in January 2024. (ECF No. 1).

## PARTIES' CONTENTIONS

In Defendant Bank's Motion for Summary Judgment, Defendant Bank contends that Plaintiff's breach of contract claim fails as a matter of law because Plaintiff does not have standing. Defendant Bank argues that Plaintiff lacks privity with Defendant Bank as Plaintiff is neither a party nor a third-party beneficiary to the note or deed of trust. (ECF No. 5 at 10). In Defendant Bank's view, Plaintiff had the opportunity to pay the debt through receiving a "payoff quote" but instead allowed the quote to expire. (ECF No. 5 at 6). Regarding Plaintiff's declaratory judgment request, Defendant Bank argues that Plaintiff's claim for declaratory judgment is impermissibly duplicative of its breach of contract claim. (ECF No. 5 at 11).

In Plaintiff's First Objections and Responses to Defendant Bank's Motion for Summary Judgment ("Plaintiff's Response"), Plaintiff argues that it is: (1) a successor with a right to assume the loan, (2) willing and able to perform the terms of the loan, and (3) a third-party beneficiary with standing to enforce the loan agreement. (ECF No. 7 at 6–7). In Plaintiff's view, the deed of trust requires that Defendant Bank give Plaintiff "the right to reinstate" and pay off Defendant Dees's default. (ECF No. 7 at 10–12). Because Plaintiff has not yet made any payment on the

---

[5] Plaintiff also brought claims for equitable redemption and quiet title and requested injunctive relief. These claims were withdrawn in Plaintiff's Third Amended Complaint, leaving only the breach of contract and declaratory judgment issues to be resolved here. *See* ECF No. 27 at 4.
[6] Main Bankruptcy Case, Case No. 23-51806-CAG.

4

default, Plaintiff blames Defendant Bank's "failure to allow Plaintiff to assume the mortgage and to make payments" as the reason for this lack of payment. Plaintiff alleges Defendant Bank "interfere[d]" with Plaintiff discharging its duties under the agreement, and thus Plaintiff's performance on the contract should be excused. (ECF No. 7 at 6).

In Defendant Bank's Reply (ECF No. 9), Defendant Bank reiterates that Plaintiff is not a third-part beneficiary or successor under the loan agreement and thus, has not sufficiently pleaded privity to avoid summary judgment. (ECF No. 9 at 2–3). Defendant Bank posits that upon purchasing the Property at the homeowners' association sale, Plaintiff merely acquired title to the Property. (ECF No. 9 at 3). With this title, Defendant Bank states that Plaintiff only possesses the right to pay off the lien in full — not a right to reinstate Defendant Dees's loan agreement. (ECF No. 9 at 3–4). Turning next to Plaintiff's declaratory judgment claim, Defendant Bank contends that the claim is duplicative of the failed breach of contract issue. (ECF No. 9 at 5).

## **STANDARD OF REVIEW**

Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56 into adversary proceedings. Rule 56 allows parties to move for summary judgment "identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a).

Summary judgment may be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the

evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992) (en banc).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovants' burden. *Liquid Air Corp.*, 37 F.3d at 1075. Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, a court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment and must review all facts in the light most favorable to the nonmoving party. *Id.* at 150; *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**LEGAL ANALYSIS**

The Court must address the following issues: (1) whether a breach of contract under Texas law occurred as a matter of law; and (2) whether Plaintiff is entitled to declaratory judgment relief. The Court addresses each claim, in turn, below.

**A. Breach of Contract**

The essential elements for a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." ***Richardson v. Wells Fargo Bank, N.A.***, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012) (citing ***Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.***, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The Court finds that Plaintiff has not demonstrated sufficient evidence to sustain a breach of contract claim under Texas law at this stage in litigation.

1. <u>Element 1: Whether a Valid Contract Existed Between the Parties</u>

To satisfy the first element, Plaintiff must demonstrate:

> (1) an offer;
> (2) an acceptance in strict compliance with the terms of the offer;
> (3) a meeting of the minds;
> (4) a communication that each party consented to the terms of the contract; and
> (5) execution and delivery of the contract with the intent that it be mutual and binding on all parties; and
> (6) consideration.

***Butler v. Delta Air Lines, Inc.***, No. CV H-15-3682, 2017 WL 9249492, at *4 (S.D. Tex. July 26, 2017) (citing ***Coleman v. Reich***, 417 S.W.3d 488, 491 (Tex. App.—Houston [14th Dist.] 2013, no pet.)). As a general rule of Texas contract law, "the benefits and burdens of a contract belong *solely*

to the parties to the contract." ***W. Loop Hosp., LLC v. Houston Galleria Lodging Assocs., LLC***, 649 S.W.3d 461, 481 (Tex. App.—Houston [1st Dist.] 2022, pet. denied), *reh'g denied* (May 19, 2022) (emphasis added). Because Plaintiff admits that it is not a party to the original loan agreement, Plaintiff must demonstrate "either privity or third-party-beneficiary status in order to have standing to sue for breach of contract." ***Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.***, 393 S.W.3d 379, 388 (Tex. App.—Dallas 2012, no pet.).

"Privity of contract" exists when "the plaintiff and defendant have a valid contract with each other or when a party has a contract with a defendant that is then assigned to the plaintiff." ***Butler***, 2017 WL 9249492, at *5. An exception to this rule is if the party is a "third party beneficiary" to the contract. ***Houston Galleria***, 649 S.W.3d at 481. To plead this exception, Plaintiff must provide evidence that the contracting parties "'intended to secure a benefit to that third party' and 'entered into the contract directly for the third party's benefit.'" ***Id.*** (citing ***First Bank v. Brumitt***, 519 S.W.3d 95, 102 (Tex. 2017)). If successful, Texas courts permit the "third-party beneficiary [to] 'step[] into the shoes' of the contracting parties and [be] subject to and bound by all provisions of the contract." ***Id.*** at 482 (citing ***Martinez v. ACCC Ins. Co.***, 343 S.W.3d 924, 929 (Tex. App.—Dallas 2011, no pet.)).

In Texas, there are "three types of third-party beneficiaries: donee, credit, and incidental." ***Muhammad v. Wiles***, No. EP-19-CV-00051, 2023 WL 3143434, at *4 (W.D. Tex. Feb. 14, 2023) (citing ***Esquivel v. Murray Guard, Inc.***, 992 S.W.2d 536, 543 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). The main difference between these types is that "[o]nly a donee or credit beneficiary may recover on a contract; an incidental beneficiary may not." ***Id.*** A party is considered to be a "donee beneficiary if the performance of the contract inures to his benefit as a gift" and "if donative intent expressly or impliedly appears in the contract." ***Id.*** For example, Texas courts often

8

construe third-party donee beneficiary status in the context of a "prenuptial agreement in which a prospective bride promises to execute a will to benefit her prospective husband's children from a previous marriage." *Id.* To contrast, when evaluating a business agreement, Texas courts rarely construe third-party donee beneficiary relationships.[7] *Id.* This is because "one is a donee beneficiary if the performance promised will, when rendered, come to him as a pure donation" and business agreements, by nature, involve monetary exchanges.[8] *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999).

Here, Plaintiff argues in its Amended Third Complaint that Plaintiff is a third-party beneficiary with standing to enforce the agreement because "Defendant [Bank] maintains a contractual relationship with [Defendant] Dees and Plaintiff . . . who has an equitable interest through the Promissory Note and deed of trust" (ECF No. 27 at 5). Later, in its Response to Defendant's Motion for Summary Judgment, Plaintiff narrows its argument to plead that it is a "donee beneficiary" which it claims is merely a third party that receives "benefits under the terms of the contract" (ECF No. 49 at 7). Plaintiff points to the deed of trust, which states in relevant part that:

> The covenants and agreements of this Security Instrument shall bind and benefit the *successors* and *assigns* of Lender and Borrower . . . Any borrower who co-signs this Security Agreement but does not execute the Note: (a) is cosigning this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and another Borrower may agree to extend, modify, forbear or make any accommodations with regard to the

---

[7] "A donee beneficiary is not likely to be the intended beneficiary of a business agreement." *Esquivel*, 992 S.W.2d at 543; "[The party] was not a donee beneficiary because the relationship between [the defendants] was a business relation[ship]." *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 18 (Tex. App.—Dallas 1988, writ denied).
[8] 1 WILLISTON ON CONTRACTS § 356 (3d ed. 1959); 4 CORBIN ON CONTRACTS § 774 (1951).

9

> terms of this Security Instrument or the Note without that Borrower's consent.

(ECF No. 49 at 7, Ex. 1 at 5, ¶12) (emphasis added). Specifically, Plaintiff highlights the italicized language of "successors and assigns" which is also the title of the paragraph in the contract itself. Plaintiff believes that this language "could refer to Plaintiff" and thus, Plaintiff is "such a successor by reason of the foreclosure." (ECF No. 7 at 7). In its later pleadings, Plaintiff takes a more authoritative position on this provision, arguing that the "paragraph clearly refers to 'Successor or Assigns'" and again, that "Plaintiff is such a successor by reason of the foreclosure." (ECF No. 49 at 7).

Defendant Bank counters that Plaintiff is neither a party nor a third-party beneficiary and accordingly, lacks standing to sue for breach of contract. (ECF No. 5 at 10). In Defendant Bank's view, Plaintiff "lacks a contractual relationship with Defendant" because Plaintiff "is not the mortgage borrower on the subject mortgage loan; again, that is [Defendant] Dees." (ECF No. 5 at 1). Defendant Bank cites to **Bridges v. Bank of N.Y. Mellon**, No. H-17-1429, 2018 U.S. Dist. LEXIS 22373, at *10 (S.D. Tex. Feb. 12, 2018) for the proposition that a transferee of title is not tantamount to furnishing third-party beneficiary status upon Plaintiff. (ECF No. 5 at 10).

To determine whether Plaintiff qualifies as a third-party beneficiary, this Court "must begin with the presumption that the contracting parties intended to contract solely for themselves, and only a clear expression of intent to create a third-party beneficiary overcomes this presumption." *Houston Galleria*, 649 S.W.3d at 481. If there is no clear expression of intent and the contract's language "leaves any doubt about creating a third-party beneficiary [relationship]," then that doubt

is "resolved against conferring third-party beneficiary status."[9] *Id.* In evaluating the agreement, this Court "look[s] solely to the language of the contract, construed as a whole." *Id.* "The contract must 'clearly and fully spell[ ] out' third-party beneficiary status. Third-party beneficiary status cannot be created by implication." *Zinante v. Drive Elec., L.L.C.*, 582 F. App'x 368, 371 (5th Cir. 2014) (citation omitted) (quoting *MCI Telecommunications Corp.*, 995 S.W.2d at 651).

Considering the four corners of the loan agreement, the Court concludes that (1) Plaintiff is not a party to the policy or a third-party donee beneficiary of the loan agreement, and accordingly, (2) Plaintiff does not have standing to bring its breach of contract claim. The agreement's plain language lacks a clear and unequivocal expression of the contracting parties' intent to directly benefit Plaintiff. In its pleadings, Plaintiff repeatedly points to Paragraph 9(b) of the deed of trust. The issue is that this language only provides that in the event of a sale without credit approval, such as a homeowners' association foreclosure, Defendant Bank possesses the right to accelerate the loan and to sell the property. The language lacks the clear intent to directly benefit Plaintiff, and the successor and assigns provision only incidentally benefits Plaintiff. The contract is also a business agreement, which other Texas courts have found to "negat[e] any assertion" that Plaintiff is a donee beneficiary. *Wiles*, 2023 WL 3143434, at *5. This Court has not found any Texas caselaw in which a third party donee beneficiary relationship has been construed from a business contract, and declines to create new precedent here.

---

[9] While there are no "magic words" and the contract does not expressly need to use the word "third-party beneficiary," the contract "must include a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party; any implied intent is insufficient." *Id.*

11

Because the first element of a breach of contract is not satisfied, the Court will not address the remaining elements of the alleged breach of contract claim herein and grants summary judgment to Defendant Bank as to the breach of contract claim.

### B. Declaratory Judgment

Next, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code (the Texas version of the Uniform Declaratory Judgment Act), Plaintiff requests that the Court: (1) deem Plaintiff a third-party beneficiary of the deed of trust; (2) require Defendant Bank to provide Plaintiff with enough information that would allow Plaintiff to acquire the requisite credit approval to assume Defendant Dees's mortgage; and (3) excuse Plaintiff's failure to perform payment of the mortgage. (ECF No. 27 at 6). Defendant Bank dismisses Plaintiff's argument as duplicative of its breach of contract claim. (ECF No. 5 at 11).[10]

Texas courts are authorized under Chapter 37 "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code Ann. § 37.003. The Act permits "any person interested" under a written agreement to "obtain a declaration of rights, status, or other legal relations thereunder" and have the Court "determine[] any question of construction or validity" arising under that contract. *Id.* § 37.004(a). The Act's purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." *Id.* § 37.002(b).

Because federal courts apply federal procedural laws, this Court construes Plaintiff's claim for declaratory judgment as brought under the Federal Declaratory Judgment Act. *See* ***Santiago v.***

---

[10] In response, Plaintiff does not offer further information for the Court's review but instead conjectures that it has provided "more than enough evidence" that such controversy exists. (ECF No. 7 at 20).

*Allstate Indem. Co.*, No. 5:19-CV-00306, 2019 WL 10303696, at *3 n.1 (W.D. Tex. Jun. 5, 2019) ("District courts construe state declaratory judgment actions as federal declaratory judgment actions."); *see also* **Vera v. Bank of Am., N.A.**, 569 F. App'x 349, 352 (5th Cir. 2014) (per curiam) ("The [Texas Declaratory Judgments Act] is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court."). The Federal Declaratory Judgment Act permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration" and "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." 28 U.S.C. § 2201 (a) (2001); **Wilton v. Seven Falls Co.**, 515 U.S. 277, 286 (1995). It is incumbent upon Plaintiff to satisfy its burden to sufficiently "allege a 'justificable controversy' in order to state a claim for declaratory relief . . . [i]n addition, the complaint must stand or fall on its own merits and cannot be used as a vehicle for searching out and discovering a right of action.'" **Nat'l Util. Serv., Inc. v. Xanser Corp.**, No. 3:03-CV-0878, 2003 WL 22939107, at *5 (N.D. Tex. Dec. 1, 2003). To demonstrate a justiciable controversy, Plaintiff must show a continuing controversy between the adverse parties that is both "real and immediate." **Bauer v. Texas**, 341 F.3d 352, 358 (5th Cir. 2003).

Upon review, the Court agrees with Defendant Bank that summary judgment is warranted. Here, the requested relief ties to the predicate that this Court deny summary judgment on the breach of contract claim. Plaintiff has failed to allege an additional justiciable controversy beyond the dispute, which is only a breach of contract claim, cited in its Third Amended Complaint. Because the breach of contract claim is not a continuing controversy, and thus is neither real nor immediate, the Court also grants summary judgment to Defendant Bank on the declaratory judgment issue.

## CONCLUSION

Accordingly, IT IS ORDERED that Defendant Bank's Motion for Summary Judgment is **GRANTED**.

IT IS FURTHER ORDERED that Defendant Bank may seek attorney's fees and costs pursuant to Bankruptcy Rule 7054 and Local Rule 7054 within 14 days of entry of this Order. IT IS FURTHER ORDERED that Defendant Bank submit a proposed judgment in conformity with this Order within 7 days of entry of this Order.

IT IS FURTHER ORDERED that all other relief is **DENIED**.

# # #